[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12119

Non-Argument Calendar

_____

HAYWOOD JACKSON MIZELL,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
PHH MORTGAGE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:21-cv-00569-ECM-SMD

—————————————

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Haywood Mizell appeals the district court's order granting Wells Fargo Bank, N.A.'s and PHH Mortgage Corporation's motions to dismiss his pro se complaint alleging wrongful foreclosure of two properties. We reverse.

Mizell's claims appear to revolve around two foreclosure sales—one by each defendant. Wells Fargo foreclosed on a loan obtained by Mizell's wife. PHH foreclosed on a loan obtained by Mizell's daughter and son-in-law. Both loans were secured by properties located in Ozark, Alabama, and each property was sold at a foreclosure sale. In his complaint, Mizell alleged that Wells Fargo and PHH weren't entitled to the proceeds of these sales.

Both defendants moved to dismiss, arguing that the district court lacked jurisdiction because Mizell's claims were barred by the *Rooker–Feldman*[1] doctrine and that Mizell failed to state a claim. A magistrate judge issued a report and recommendation. Upon finding that Mizell's claims were inextricably intertwined with final judgments from state court involving the same parties and

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

properties, the magistrate judge recommended that the district court dismiss Mizell's claims for lack of subject matter jurisdiction under *Rooker–Feldman*. Mizell objected to the report and recommendation but raised no arguments about the *Rooker–Feldman* doctrine. The district court adopted the report and recommendation and dismissed Mizell's claims with prejudice on the sole basis that *Rooker–Feldman* stripped the district court of its subject matter jurisdiction. Mizell timely appealed.

On appeal, Mizell reiterates the arguments from his complaint but doesn't challenge the district court's dismissal of his complaint for lack of jurisdiction under *Rooker–Feldman*. The defendants argue primarily that—as a result of Mizell's failure to address the district court's sole reason for dismissing his complaint, coupled with his failure to object to the report and recommendation on *Rooker–Feldman* grounds—Mizell has waived any challenge to the district court's dismissal. Indeed, issues not briefed on appeal by a pro se litigant ordinarily are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). And, under the rules of this court, a party who fails to object to a magistrate judge's findings contained in a report and recommendation generally "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1.

But "[t]he *Rooker–Feldman* doctrine is jurisdictional." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010). And "arguments regarding subject matter jurisdiction cannot be waived." *First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d

1374, 1378 n.7 (11th Cir. 1997).  So, notwithstanding the deficiencies of Mizell's briefs, we're compelled to review de novo the district court's determination that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine.  *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021).

The *Rooker–Feldman* doctrine bars district courts from reviewing or rejecting state court judgments rendered before the district court litigation began.  *Id.* at 1210.  The scope of the doctrine is narrow, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  *Rooker–Feldman* "does not prioritize form over substance," meaning that it bars all appeals of state court judgments in district courts whether the plaintiff admits to filing a direct appeal or tries to call the appeal something else.  *Behr*, 8 F.4th at 1211.  The injury to the plaintiff must be caused by the judgment itself.  *Id.*  The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether the resolution of each individual claim requires review and rejection of a state court judgment.  *Id.* at 1213.  In *Behr*, we warned that "district courts should keep one thing in mind when *Rooker–Feldman* is raised:  it will almost never apply."  *Id.* at 1212.

As the district court itself acknowledged, "[t]he injuries about which [Mizell] complains were caused by the underlying

foreclosure actions"—not by the state court judgments that upheld those actions. We also note that Mizell didn't invite the district court to review and reject those judgments in his complaint. Instead, he challenged the defendants' power to conduct the nonjudicial foreclosure sales and their entitlement to the proceeds. Therefore, the district court had jurisdiction over Mizell's claims and erred in applying *Rooker–Feldman*.

The defendants ask us to affirm the district court's order on a number of alternative grounds, which were raised in their motions to dismiss. But because the district court gave only one reason for dismissing Mizell's complaint—the *Rooker–Feldman* doctrine—we defer to the district court to decide in the first instance whether any or all of these grounds merit dismissal. *See Behr*, 8 F.4th at 1214.

**REVERSED AND REMANDED.**